IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARRY BOWIE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-588-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correction Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Barry Bowie, TDCJ #1378370, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lubbock, Texas.[1]

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

---

[1] Although at time this petition was filed Bowie was confined at the Smith unit in Lamesa, Texas, he is now confined at the Montford unit in Lubbock, Texas.

## C. Factual and Procedural History

In March 2006 Bowie, a repeat criminal offender, was charged by indictment with aggravated robbery in the 213th District Court of Tarrant County, Texas. (State Habeas R. at 118) On June 21, 2006, a jury was selected, seated and sworn, however, the next day on June 22, 2006, Bowie waived his right to a jury trial and pled guilty to the offense pursuant to a negotiated plea agreement, and the trial court assessed his punishment at fifteen years' confinement. (*Id.* at 119-25) Bowie filed one or more motions for new trial but did not appeal his conviction or sentence. (Petition at 3; State Habeas R. at 126-28) He did however file a state application for writ of habeas corpus raising one or more of the claims presented herein, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Bowie*, Application No. WR-67,631-01, at cover. This federal petition for writ of habeas corpus followed.

## D. Issues

Bowie claims he received ineffective assistance of trial counsel, the indictment was defective, and his confession was coerced and given under duress. (Petition at 7; Pet'r Brief Memorandum in Support at 2-)

## E. Rule 5 Statement

Quarterman believes that Bowie has failed to exhaust one or more of his ineffective assistance claims as required by 28 U.S.C. § 2254(b)(1)(a). (Resp't Answer at 3-6)

## F. Discussion

### 1. *Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated

on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997.)

## 2. *Ineffective Assistance of Counsel*

Bowie claims he received ineffective assistance of court-appointed counsel because counsel (1) repeatedly recommended that he enter a guilty plea notwithstanding his assertions of innocence, (2) failed to file pretrial motions, and (3) failed to bring forth evidence of his innocence.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, once a knowing and voluntary guilty plea has been entered by a criminal defendant, all nonjurisdictional defects in the proceedings preceding the plea are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981).

Bowie does not challenge the voluntariness of his guilty plea. Indeed, Bowie admits that he entered his plea in order to avoid a harsher sentence. (Pet'r Brief at 2) Because Bowie's ineffective assistance claims involve matters unrelated to the voluntariness of his plea, the claims are nonjurisdictional and are waived by the plea. *See United States v. Broce*, 488 U.S. 563, 573-74 (1989). Furthermore, under the circumstances, Bowie would be unable to satisfy the second prong of the test. Counsel's obligation is to inform a criminal defendant of the advantages and

disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo. *Libretti v. United States*, 516 U.S. 29, 50-51 (1995). Often a criminal defendant, even if he is unwilling or unable to admit his guilt, will agree to plead guilty to an offense, having been so informed by counsel, in order to avoid a potentially longer sentence by a jury. Such a decision on the part of a defendant does not render counsel's representation deficient. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *Brady v. United States*, 397 U.S. 742, 749-50 (1970).

### 3. Defective Indictment

Bowie claims the indictment was defective because it relied on vague language and cited no statutes or penal codes. (Petition at 3) This claim was waived by Bowie's guilty plea. *See Brown v. Jernigan*, 622 F.2d 914, 916 (5th Cir.), *cert. denied*, 449 U.S. 958 (1980).

### 4. Coerced Confession

Bowie claims he was threatened with the arrest of his child's mother if he did not sign a confession. (Petition at 7) Bowie presents no evidentiary basis however for his allegation. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Ross v. Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### 5. Conclusion

The state courts' adjudication of Bowie's claims is not contrary to or involve an unreasonable application of federal law and is entitled to deference and the presumption of correctness. (State Habeas R. at 38-46, 117)

## II. RECOMMENDATION

Bowie has failed to satisfy the legal standard for habeas corpus relief set forth above, and

his petition for writ of habeas corpus should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 9, 2008.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 9, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 18, 2008.

     /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE